OPINION OF THE COURT
Albert D. Koch, J.
The court is called upon to decide these motions to consolidate by each of the remaining defendants in the so-called "Day of Outrage” cases. All of the defendants were arrested in Kings County for behavior arising out of their "individual actions” at the same time and place, the subway platforms and track beds of the IRT subway on December 21, 1987 at *323 about 6:30 p.m. The People have charged each defendant in his or her own accusatory instrument with individual actions constituting the separate offenses of obstructing governmental administration (Penal Law § 195.05), criminal trespass (Penal Law § 140.10) and disorderly conduct (Penal Law § 240.20).
All of the defendants’ actions occurred allegedly at the same time, the same place and were similar, if not identical, in manner. The most superficial examination prevents any inference that the conduct alleged to be criminal, if it existed at all, could have been the result of fortuitous happenstance. The People in their accusatory instrument have not and do not allege that any of the defendants were acting in concert. Nor can the court imagine that, at the trial of any one of the defendants, the People would not attempt to insert the tapestry of the entire matter by means of the same witnesses in case after case. While it may seem that these defendants were "acting in concert” pursuant to a joint agreement to disrupt the subway system, the People contend that these acts were independently committed and are, thus, not "the same offense”. This court will accept this contention for purposes of this motion. Thus, while it has not power to order consolidation pursuant to CPL 200.40 (which states in pertinent part at subd [2] that when "two or more defendants are charged in separate indictments with an offense or offenses but could have been so charged in a single indictment * * * the court may, upon application of the people, order that such indictments be consolidated and the charges be heard in a single trial”) it has discretion to consolidate "different offenses” pursuant to CPL 200.20 (which states in pertinent part at subd [4] that when "two or more indictments against the same defendant or defendants charge different offenses of a kind that are joinable in a single indictment [because they are based upon the same act or upon the same criminal transaction], the court may, upon application of either the people or a defendant, order that such indictments be consolidated and treated as a single indictment for trial purposes”).
The defendants contend that pursuant to CPL 200.20 (4) they have the right and/or the court has the discretion to order the consolidation of each of their cases with only those other defendants that they have aligned with in defense of their cause. The People, on the other hand, maintain that CPL 200.40 controls under these circumstances and provides to them exclusively the power to move for consolidation.
An examination of CPL 200.40 reveals that it applies in *324 cases where there are two or more indictments (made applicable to informations pursuant to CPL 100.45) charging different defendants with "the same offense”. (Offense as defined by Penal Law § 10.00 [1] means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this State or by any law, local law or ordinance of a political subdivision of this State, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.) The People in their accusatory instruments and arguments have taken a position that each defendant’s liability is individual. Whether or not the defendants are charged with individual offenses will be crucial in determining the issues at hand. The Penal Law sections which caption each defendant’s violations of law may carry the same name, but when committed by persons whose liability depends upon their own individual actions, no basis exists for consolidation under CPL 200.40. Defendants are not charged with "the same offense” merely because they are charged with violation of identically titled Penal Law violations. To rule otherwise would mean that all defendants, just by virtue of the circumstance of being charged with petit larceny (Penal Law § 155.25) could be consolidated by the People without any further connecting links. For example, consider how specious the arguments for consolidation would be where two defendants were each charged with an intentional murder of separate individuals at the same general time and place independent of any common scheme or plan; or, where two fare beaters were each charged with jumping a turnstile at the same time and place but were unconnected to any common scheme or plan. These could not be joined or consolidated by the People as being "the same offense” against both when they were not connected as a common criminal venture.
Regardless of whether the People have decided to try each defendant individually for tactical reasons, whim, caprice or upon a judgment that they consider their move logical, economical and fair, under CPL 200.40 they have the exclusive power to consolidate only in cases where "the same offense” is concerned.
CPL 200.20 covers situations where defendants (or the same defendant) are charged with different offenses. In such situations, consolidation is mandatory under some circumstances and left to the court’s discretion in others.
The Legislature has tailored this statute to accommodate the needs of justice. No argument can be successfully made *325 that CPL 200.40 being a specific statute controls to the exclusion of CPL 200.20. The application of each statute pertains to different situations.
No one can compel the District Attorney to charge multiple defendants as to separate although joinable offenses in a single instrument and failure to do so would not establish jeopardy as a bar to any person not so joined. If they were so charged each defendant could be held accountable for his/her own actions along with those of defendants with whom they share the same mens rea, and along with those that they importuned, solicited or aided. The election of the People to not join initially or later move to consolidate under CPL 200.40 does not mutually exclude the defendant’s right under CPL 200.20.
Under CPL 200.20, determination of the application for consolidation is at the court’s discretion but is mandatory if the defendants are seeking consolidation of offenses arising out of the same act or transaction. In the face of the court’s decision that consolidation is permissible under the discretionary power of the court, no ruling need be made on whether the defendants have a mandatory right to consolidation. The court holds that in its discretion consolidation is granted as the only fair and just manner to try these cases.
There are reasonably foreseeable events to the individual trial method which consolidation streamlines. Consolidation results in the avoidance of as many as 18 separate trials with the need for 18 different Judges; the possibility of numerous subsequent appeals; the needs and burdens of calling the same witnesses numerous times; and, the time and expense of having to schedule the appearance of many attorneys. However, the right of parties to be provided with previous trial testimony remains.
The assignment of one Assistant District Attorney to these cases forces an ad seriatum approach in the case of separate trials. Each party, as these nonjury matters proceeded one at a time, would justifiably be concerned with the snowball effect of previous rulings and previous findings of witness credibility, and the effect of inconsistent rulings and findings. Witnesses sometimes perform like stage players and their performances would be honed by repetition and lack the spontaneity that so often bespeaks truth.
*326 The defendants by their attorneys have, in two groups, by their motion to consolidate, given the court the only efficient way to proceed. In the face of any delay on their part, there could be an immediate severance as to the delaying defendant and preservation of any severed testimony relevant to their separate offenses for later trial.